UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HASPEL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:13-cv-00185-JJB-RLB** |
| **HASPEL WORLDWIDE, LLC** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 11, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HASPEL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:13-cv-00185-JJB-RLB** |
| **HASPEL WORLDWIDE, LLC** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Haspel, LLC ("Haspel") (R. Doc. 5). The motion is opposed by defendant Haspel Worldwide, LLC ("HWW") (R. Doc. 6).[1] Based on the applicable law and the analysis which follows, the Motion to Remand should be granted.

**Background**

On February 19, 2013, Haspel sued defendant HWW in state court alleging that it is the owner of a registered trademark and related logos for clothing and accessories (R. Doc. 1-4 at 4-9 ("Petition"), ¶¶ 4-5). Haspel further alleges that on March 1, 2008, it entered into a Master License Agreement (the "License Agreement") (R. Doc. 5-2) with HWW in which it granted HWW the "exclusive right to sublicense the use of the Haspel Trademark in connection with certain Haspel products in locations worldwide. . . ." (R. Doc. 1-4, ¶ 6). Haspel further alleges that HWW has materially breached the "Quality Standards"[2] and/or "Quality Control

---

[1] Haspel, LLC filed a reply memorandum (R. Doc. 9). HWW filed a surreply memorandum (R. Doc. 14). Haspel also filed a "response" to the surreply memorandum filed by HWW (R. Doc. 17).
[2] The "Quality Standards" provision provides, in pertinent part: "Licensee [HWW] shall cause its sublicenses to use the Trademark and promote, design, develop, manufacture, sell, distribute,

1

Procedures"[3] of the License Agreement by failing, among other things, to promote the Haspel trademark and exercise quality control over its licensees (Petition, ¶¶ 15-16). Based on this alleged material breach, Haspel requests the court to terminate the License Agreement and award Haspel damages for injuries resulting from the breach (Petition, ¶ 22).

On March 21, 2013, HWW removed the action to this court alleging diversity jurisdiction (R. Doc. 1). The citizenship of the named parties appears to be undisputed.

Haspel is a Louisiana limited liability company ("LLC") comprised of three individual members who are domiciled in Louisiana: Richard Lipsey, Susan Haspel Lipsey, and Joseph Lipsey, Jr. (R. Doc. 1 at 2). Haspel is, therefore, a citizen of Louisiana.

According to the March 1, 2008, Limited Liability Company Operating Agreement of Haspel Worldwide LLC ("Operating Agreement") (R. Doc. 6-1), HWW is comprised of three member companies: Haspel, Ammeen Properties, LLC ("Ammeen Properties");[4] and Graj + Gustavsen, Inc. ("G&G"). Ammeen Properties is a Delaware LLC comprised of three individual members: James Ammeen ("Mr. Ammeen"),[5] James Ammeen, Jr., and Jeffrey Ammeen (R. Doc. 3 at 1). Mr. Ammeen and Jeffrey Ammeen are domiciled in New Jersey; James Ammeen Jr. is domiciled in Indiana (R. Doc. 3 at 1). G&G is a citizen of New York (R. Doc. 1 at 2). HWW is, therefore, a citizen of Louisiana, New Jersey, Indiana, and New York.

As both the plaintiff and the defendant are citizens of Louisiana, the named parties in this matter are not diverse.

---

conceive, and exploit the Licensed Items in such a manner as will enhance and preserve the reputation and prestige of the Haspel name" (R. Doc. 5-2 at 1).

[3] The "Quality Control Procedures" provision provides: "Licensee [HWW], acting as Licensor's [Haspel's] agent solely for this purpose, will take appropriate steps to exercise quality control over its sublicensees in order to ensure that the abovementioned quality standards are being maintained" (R. Doc. 5-2 at 2).

[4] Ammeen Properties is the managing member of HWW.

[5] Mr. Ammeen is the manager of HWW.

**Summary of Parties' Arguments**

HWW claims that diversity exists because HWW was either improperly joined[6] to this action or is a nominal party to this action. HWW argues that it is a nominal party for two related reasons. First, it argues that Haspel's claims are best characterized as a direct action against Mr. Ammeen or Ammeen Properties for breach of fiduciary duties under HWW's Operating Agreement. HWW argues that the court should construe this suit as a "direct action" by Haspel against Mr. Ammeen or Ammeen Properties and find that HWW is a nominal party to that action. Second, HWW argues that it is a nominal party because a finding that it materially breached the Licensing Agreement would result in its dissolution under the Operating Agreement. HWW argues that the court should construe this action as a "dissolution" suit to which the real parties in interest would be HWW's members, not HWW itself. Under both of these theories, HWW requests the court to drop it as a defendant and add diverse defendants (Mr. Ammeen, Ammeen Properties, and H&G) under Rule 21 of the Federal Rules of Civil Procedure.

In its motion to remand and supporting briefs, Haspel argues that there is not complete diversity between the only two named parties to this action—itself and HWW. Haspel states that it has filed a breach of contract action against HWW under the License Agreement, not a breach of fiduciary duties against Mr. Ammeen or Ammeen Properties under the Operating Agreement. Haspel admits that the Petition contains allegations regarding the actions or inactions of Mr. Ammeen, but claims that those allegations expressly relate to Mr. Ammeen only in his capacity as the manager of HWW. Furthermore, Haspel argues that it is irrelevant whether a consequence of a successful breach of contact action against HWW under the Licensing Agreement would

---

[6] Although HWW claims in the Notice of Removal that it was "improperly joined" to this action, it does not specifically address the Fifth Circuit case law governing improper joinder.

3

result in the dissolution of HWW under the Operating Agreement. According to Haspel, that potential consequence of this breach-of-contract proceeding is insufficient to convert it into a dissolution proceeding.

**Applicable Law & Analysis**

**I.     Diversity of Citizenship**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

**A.     The Citizenship of Haspel Worldwide, LLC**

The citizenship of an LLC for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). HWW

4

concedes that Haspel is one of its members (R. Doc. 1 at 2). HWW further concedes that Haspel is a Louisiana LLC comprised of three individual members, all of whom are domiciled in Louisiana (R. Doc. 1 at 2). Accordingly, HWW is a citizen of Louisiana for the purpose of determining this court's diversity jurisdiction.

As both named parties are citizens of Louisiana, the court does not have diversity jurisdiction over the action as pled by Haspel. *See* 28 U.S.C. § 1332(a)(1). Thus, HWW can only establish diversity jurisdiction if the the court (1) determines that HWW is an improper or nominal defendant and its citizenship should be disregarded for the purpose of determining jurisdiction and (2) adds proper or real defendants to this litigation that are not citizens of Louisiana.

### B. Improper Joinder of Haspel Worldwide, LLC

In its notice of removal, HWW claims—despite being the only named defendant—that it is an "improperly joined party" to this action (R. Doc. 1 at 3). Although HWW does not elaborate on the law of improper joinder, it claims that the proper parties to this action include Mr. Ammeen, Ammeen Properties, and G&G. HWW claims that its citizenship should be ignored for the purpose of establishing jurisdiction because of its improper joinder.

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

5

state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

The only parties to the Licensing Agreement are Haspel (as the licensor of Haspel's trademark) and HWW (as the licensee of Haspel's trademark) (R. Doc. 5-2).[7] Haspel alleges that HWW materially breached the Licensing Agreement by failing to meet certain duties detailed in the "Quality Standards" and "Quality Control Procedures" provisions of the agreement. The entities that HWW claims are proper parties to this action—Mr. Ammeen, Ammeen Properties, and G&G—have not been named defendants by Haspel and have not sought to intervene in this proceeding.

HWW has failed to meet its burden of proving that it was "improperly joined" to this action. HWW is the *only* named defendant in this action. HWW has not directed the court to any decisions holding that the only named defendant can be "improperly joined" to a proceeding

---

[7] The signatory for HWW is Mr. Ammeen (the manager of HWW) on behalf of Ammeen Properties (the managing member of HWW) (R. Doc. 5-2 at 5).

for the purposes of determining diversity jurisdiction. As HWW is the only named defendant in the action, no "joinder" of defendants ever occurred. Assuming that joinder analysis is appropriate when dealing with a sole defendant, there is no basis for finding that HWW was improperly joined.

First, this is not a case where there is "actual fraud in the pleading of jurisdictional facts." *Travis*, 326 F.3d at 647. There is no dispute between the parties that both Haspel and HWW (the only named parties in this action) are both citizens of Louisiana.

Second, HWW has failed to demonstrate that there is a "reasonable basis for the district court to predict" that Haspel would not be able to recover against HWW in its state court action. *Smallwood*, 385 F.3d at 573-74. Haspel correctly states that this "is a breach of contract case between Haspel and HWW, both of whom are separate and distinct LLCs who entered into a contractual agreement" (R. Doc. 5 at 2). Louisiana courts routinely entertain breach of contract actions brought by plaintiffs against LLCs who are parties to a contract. *See*, *e.g.*, *Kalluner v. One Source Constr., LLC*, 995 So. 2d 59 (La. App. 4 Cir. 2008) (breach of construction contract brought against LLC); *Roth v. Voodoo BBQ, LLC*, 964 So. 2d 1095, 1098 (La. App. 4 Cir. 2007) (dismissing claims against members of LLC where action was properly a breach of contract action against the LLC).[8] In fact, if Haspel were to name a member or manager of HWW as

---

[8] The License Agreement states that it "will be governed by and construed in accordance with the internal substantive laws of the State of Delaware" (R. Doc. 5-2 at 5). The court sees no prohibition in the substantive contract law of Delaware that would prevent Haspel from suing another party to a license agreement that is a party to the allegedly breached contact. *See H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003) ("Under Delaware law, the elements of a breach of contract claim are: 1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff."). The court notes that the controlling law regarding jurisdictional issues (including improper joinder and nominal parties) is that of this court and the Fifth Circuit.

defendant in its action, Haspel would have to "pierce the corporate veil" in order to establish that a member or manager of HWW is liable to Haspel for the alleged breach.[9]

In sum, HWW has not been improperly joined to this action because it is the only named defendant. Furthermore, it has not met its burden of proving that there is a reasonable basis for the court to predict that Haspel would be able to recover against HWW in its state court.

### C.   Haspel Worldwide, LLC as a Nominal Party

In its more prominent argument, HWW argues that it is a "nominal" party to this lawsuit and, therefore, its citizenship should be "disregarded" for the purpose of determining diversity jurisdiction.

"The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460 (1980) (citations omitted)). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 461 (citations omitted); *see also Wolff v. Wolff,* 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the

---

[9] Both Louisiana and Delaware law limit the liability of members and managers of LLCs for the debts, obligations, and liabilities of the LLC. *See* La. R.S. § 12:1320(B) ("[N]o member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." ); 6 Del. C. § 18-303(a) ("[T]he debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."). Delaware law also provides that "under a limited liability company agreement or under another agreement, a member or manager may agree to be obligated personally for any or all of the debts, obligations and liabilities of the limited liability company. 6 Del. C. § 18-303(b). The court notes that the Operating Agreement specifically states that the HWW's "Members shall not have any liability for the debts, obligations or liabilities of [HWW] except to the extent provided by [Delaware law]" (R. Doc. 6-1, at 12).

citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit.").

"Whether a party is 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable . . . ." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted) (where plaintiffs had signed a letter evincing an agreement in principle to settle their claims against certain defendants and the state court granted a joint motion to sever those defendants from the litigation, the severed defendants were "nominal" parties in the removed action). The Fifth Circuit takes "practical considerations into account" in determining whether a party is nominal for the purpose of determining jurisdiction. *See Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 367 (5th Cir. 2006).

To reach the conclusion that it is a "nominal" party, HWW requests the court to recast the entire lawsuit brought by Haspel. HWW presents two related characterizations of this proceeding that would arguably require a finding that it is a "nominal" party in this suit. In its first characterization, HWW argues that Haspel's claims against it "are actually for breaches of commission and/or omission on the part of Mr. Ammeen and/or Ammeen Properties, not HWW" (R. Doc. 1 at 4). HWW references allegations in the petition regarding the actions and omissions of Mr. Ammeen directly related to Haspel's claim that HWW materially breached its duties under the Licensing Agreement. HWW argues that these allegations reveal the true nature of the suit, which it characterizes as a "direct action" against the "real parties in interest," namely Ammeen Properties and Mr. Ammeen. Finally, HWW argues that because the lawsuit is a direct

9

action—as opposed to a "derivative" action brought on behalf of HWW—the court must disregard the citizenship of HWW for the purpose of determining diversity jurisdiction. In other words, HWW argues that although Haspel sued HWW for breach of contract under the Licensing Agreement, this lawsuit is really a direct action against Mr. Ammeen or Ammeen Properties for breach of fiduciary duties of care under HWW's Operating Agreement.

HWW notes that the Supreme Court "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). Nevertheless, HWW argues that there is an appropriate exception to the *Carden* ruling "where a plaintiff's claims are of a direct, rather than derivative, nature." *See Mallia v. Paineweber, Inc.*, 889 F. Supp. 277, 281 (S.D. Tex. 1995). That exception, however, applies only where a member of a business entity brings a direct action against other members of the business entity and also names the business entity as a nominal defendant. For example, in *Mallia*, limited partners of a limited partnership ("LP") brought a direct class action against the LP's general partners and named the LP as a defendant. The court held that the plaintiffs brought a direct action against the LP's general partners and the LP was not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. *Id*. at 282.

Here, Haspel has sued only the LLC of which it is a member, not other members of the LLC or the manager of the LLC. The problem with HWW's characterization of Haspel's lawsuit is that it requires the court to ignore the allegations in Haspel's petition, namely that it has alleged a breach of contract claim against HWW under the Licensing Agreement, not a breach of fiduciary duty claim against the Mr. Ammeen or Ammeen Properties under the Operating

Agreement.[10] If Haspel had alleged such a breach of fiduciary duty claim against Mr. Ammeen and Ammeen Properties and also included HWW as a defendant in such a lawsuit, then HWW's argument would be properly submitted.[11] Haspel made no such allegations. The only defendant in this action is HWW. HWW is not a "nominal" party in a direct action against other defendants for breach of fiduciary duties; it is the real and only party in a direct action against itself for breach of contract.

As discussed above in the context of the improper joinder analysis, there is no reasonable basis for the district court to predict that Haspel would not be able to recover against HWW in its state court action. If HWW feels that the breach of contract claims against it are without merit, it may seek dismissal of the action in state court. Even if Haspel's claims are ultimately found to be meritless, HWW is a real party in interest to the breach of contract action brought against it.

In its second, related characterization of the lawsuit (found primarily in HWW's briefing in opposition to remand), HWW argues that the court should characterize this lawsuit as a

---

[10] HWW argues that the Operating Agreement incorporates the License Agreement (R. Doc. 6 at 5-7). The Operating Agreement does annex the License Agreement as an exhibit and provides that the License Agreement (and, among other things, a Master License Agreement dated as of April 1, 1997 between Haspel and Neema Clothing, Ltd. (the "Neema License")) is included as part of the "entire agreement" constituting the Operating Agreement (R. Doc. 6-1 at 4, 8, 32). HWW has not directed the court, however, to any language in either the License Agreement or the Operating Agreement that would preclude a breach of contract action by one of the parties to the License Agreement against the other party. That the parties to the License Agreement anticipated a potential action for breach of contract separate from any rights and duties provided by the Operating Agreement is evidenced by the inclusion of language in the License Agreement concerning enforcement of provisions, waivers of terms, and a "choice-of-law" provision (*See* R. Doc. 6-1 at 44). In short, the License Agreement between Haspel and HWW (like the Neema License also "included" in the Operating Agreement) is a separate agreement upon which the parties may seek recovery in a breach of contract action.

[11] To support its argument that HWW is a nominal party in this action, HWW relies on case law where non-managing members of an LLC actually filed a claim for breach of fiduciary duties of care against managing members or managers of an LLC. *See*, *e.g.*, *Auriga Capital Corp. v. Gatz Properties*, 40 A.3d 839, 843 (Del. Ch. 2012) (minority members alleged manager of LLC breached "his contractual and fiduciary duties"). This action does not involve any claims against Ammeen Properties and Mr. Ammeen for breach of fiduciary duties.

"dissolution" suit.  HWW attached a copy of its Operating Agreement (R. Doc. 6-1) to its opposition memorandum claiming that it must be considered in conjunction with the License Agreement (R. Doc. 6 at 2).  The Operating Agreement provides that HWW "shall be dissolved and its affairs wound up upon . . . the termination of the [License Agreement] . . . ."  (R. Doc. 6-1 at 20).  HWW argues that because Haspel is seeking termination of the License Agreement, it is in effect seeking the termination of the Operating Agreement and dissolution of HWW.  HWW further argues that as a dissolution suit, "HWW is a nominal party to Haspel's claims" and the "real parties in interest to Haspel's dissolution and direct damages claims are Haspel on the plaintiff side and Ammeen Properties and G&G, HWW's other members, on the defendant side" (R. Doc. 6 at 8).  In light of its characterization, HWW requests the court to drop it as a defendant and add Ammeen Properties and G&G as defendants under Rule 21 of the Federal Rules of Civil Procedure.

This characterization of the lawsuit filed by Haspel fails as well.  Haspel has not filed a dissolution suit under the Operating Agreement.[12]  HWW may be correct that if Haspel succeeds on its breach of contract action and the License Agreement is terminated, HWW would be dissolved under the Operating Agreement.  Such a consequence of Haspel's success on its claims is insufficient grounds for the court to ignore Haspel's cause of action against HWW.

The court rejects both theories presented by HWW claiming that it is a "nominal" party in this lawsuit.  Haspel has sued HWW for allegedly breaching a contract to which only Haspel

---

[12] To support its argument that HWW is a nominal party in this action, HWW relies on case law where the non-managing members of an LLC actually filed a petition for dissolution of the LLC. *See*, *e.g.*, *Polak v. Kobayashi*, No. 05-330, 2005 WL 2008306 (D. Del. Aug. 22, 2005) (where plaintiff filed petition for dissolution and named LLC of which it was a member a "nominal defendant" the citizenship of the LLC was ignored for diversity purposes).  This action does not involve a petition for dissolution where Ammeen Properties and G&G are named as defendants along with HWW.

12

and HWW are parties. HWW is a proper, real party to a breach of contract action concerning the License Agreement. The court, therefore, finds that it does not have diversity jurisdiction over this suit as both Haspel and HWW are citizens of Louisiana.

## II. Attorney's Fees

Haspel also moved for imposition of attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *e.g.*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id*., at 141.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id*.; *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir.

13

1997), *cert. denied*, 522 U.S. 977 (1997).  To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove.  *Avitts*, 111 F.3d at 32.

The record establishes that Haspel is entitled to an award of fees under the statute.  At the time of removal, HWW did not have an objectively reasonable basis to remove the suit.  As explained above, it was apparent from the face of the petition that Haspel brought an action against HWW for breach of its duties under the License Agreement.  Haspel and HWW are the only parties under the License Agreement and they are both citizens of Louisiana.  Although HWW may have legitimate defenses with regard to the suit brought against it, it was not objectively reasonable for HWW to remove this action where there is clearly no diversity between the parties named in the action.

Haspel suggested that an award of $3,000 in fees and costs would be appropriate.  Yet, Haspel did not provide any documentation to support an award of this amount, and a review of the motion and memoranda does not support a finding that such an award would be reasonable.  Review of the record, however, would support requiring HWW to pay just costs and attorney's fees incurred as a result of the removal in the amount of $1,000.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Haspel, LLC be **GRANTED**.

It is further recommended that under 28 U.S.C. § 1447(c) defendant Haspel Worldwide, LLC be ordered to pay to plaintiff Haspel, LLC fees and costs incurred as a result of the removal in the amount of $1,000, within such time as the court may direct.

Signed in Baton Rouge, Louisiana, on September 11, 2013.

_____
      RICHARD L. BOURGEOIS, JR.
      UNITED STATES MAGISTRATE JUDGE

14